Nash, C. J.
 

 The bill is filed by the plaintiffs as the executors of Robert Young, dec’d., to obtain constructions of the 3rd, 9th and 10th clauses of the will. The 3rd clause is as follows: I will and bequeath to my daughter Anna Young, to her and her bodily heirs, my negro woman Mariah, aged about
 
 *219
 
 forty-four years, which negro I design for the benefit of Anna Young and her children, and not to be subject to any debt or debts which Jesse Young may contract or have contracted. The authorities on the subject are abundant to show that there are no technical words peculiarly appropriated to the creating of a separate estate in a married woman. The Court in the construction of such instruments look to the intention of the donor; if that be clear, the Court will execute it, keeping in mind that the governing-principle is that the husband is not to be deprived of his
 
 jus mariti,
 
 except by express words, or by a just inference. Lewin on trusts, 150;
 
 Ashcraft
 
 v. Little, 4 Ire. Eq. Rep. 238. The words here are, “ and not to be subject to any debt or debts which Jesse Young may contract, or (may) have contracted.” Here is a plain and manifest intention on the- part of the donor, that the slave Mariah shall be for the sole and separate use of the wife and her children. The husband, Mr. Young, has no interest in the slave.
 

 The 10th item is as follows:
 
 “
 
 I will and bequeath to my daughter Mary A. Powers, a certain negro girl named Manda, which she has heretofore taken in possession, and the increase of said negro, which girl is mentioned in a bill of sale to B. E. Powers, &c.” There is no contest as to the right of Mrs. Powers to the woman Manda. It appears that previously to the making of the will and the execution of the bill of sale, while the woman was in the possession of Mary A. Powers, Manda had a child born named Sam. To whom does he belong ? Mr. Powers claims and holds him as his property under the term
 
 increase
 
 in the will; and if not under the will, under the bill of sale. We think he passed to Mr. Powers by neither instrument. We will dispose of the bill of sale first. That instrument which is an exhibit in the case, bears date the 14th of February, 1846. The will was made on 8th of Sept., 1855, and the testator died on 2nd of December of the same year. The bill of sale was executed and delivered at the same time the will was. The deed takes effect from its delivery, and not from the date mentioned in it. It disposes of nothing but the woman Manda. It makes no mention of Sam, who
 
 *220
 
 was the property of the testator. The claim, therefore,
 
 of
 
 Mr. Powers under the deed, is not well founded. Neither is it under the will. It is well settled that wills take effect and speak from the death of the testator, unless a different intent is expressed; consequently, a gift of a negro woman and her increase is taken to mean such as she may afterwards have.
 
 Turnage
 
 v. Turnage, 7 Ire. Eq. Rep. 128. This is fully to the point before us, and, therefore, it is not necessary to cite other authorities of which there are many. Sam, then, passed to Mr. Powers neither by the will nor by the deed. But he did pass by virtue of the parol gift; the will and the deed operating as a confirmation of the gift. The fact of antedating the deed proves incontestably that he did intend to confirm it.
 
 Woods
 
 v.
 
 Woods,
 
 2 Jones’ Eq. Rep. 420;
 
 Lowe
 
 v. Carter,
 
 Ibid,
 
 327.
 

 The 9th item of the will is as follows: “ I will and bequeath to my son John Young, in addition to what I have had to pay for him, a horse if there is one on hand ; also one side-board, one book-case, two beds and furniture, one clock, my shop-tools, and also my plantation tools, and my kitchen furniture, two old carryalls, all the house furniture not heretofore mentioned, also all the stock,
 
 and all of every thing on hand not otherwise
 
 mentioned.” Under this clause John Young claims the boy Sam, and also all the notes and bonds put by the testator in the hands of his sons Josiali and George II. Young.
 

 This claim cannot be allowed for several reasons.
 
 First.
 
 Where the words, goods, chattels and other general terms are used, coupled with words of a limited signification, they will be restrained to things
 
 ejusdem generis ;
 
 2 Wms. on Ex’rs., 752. Thus, where the testator bequeathed to his niece all his goods, chattels, household-stuff, furniture and
 
 other things
 
 which should be in his house at A., it -was decided that cash found there in the testator’s house did not pass, for the -words other things, should be intended of like nature and species with those before specified.
 
 Trofford v. Berridge,
 
 1 Eq. Cas. abr. 201; Ambler, 612. The clause which we are now considering is to be confined to all such things as the testator had at his death, of the nature and species of the goods with which the words
 
 *221
 

 other things
 
 are coupled. "We have disposed of the question as to Sam, but John Young also claims, under this clause, all the notes and other choses in action, and all the estate not specifically bequeathed to others. He is entitled under that clause, to every thing belonging- to the testator at the time of his death, which are
 
 ejusdem generis
 
 with the other property with which they stand connected in the clause, and which is not specifically bequeathed;, for instance^if he had more beds, or more bureaus, than are bequeathed in the will, he is entitled to them. He is. not entitled, to the notes- and the- choses in action, nor the money on hand at the- time of the testator’s death. The notes and choses. in action do not pass under the will, there being, no residuary clause. As to them, the testator died intestate, and tlxey are to be divided among the next of kin under the- statute of distributions.
 

 Pee. OuejaM,. Decree accordingly..